# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO: 16-163** |
| **TROY KENDRICK** | **SECTION "H"** |

## ORDER AND REASONS

Before the Court is Defendant's Motion for New Trial (Doc. 277). For the following reasons, the Motion is DENIED.

## BACKGROUND

After a jury trial held September 17 through 20, 2018, Defendant Troy Kendrick was convicted of conspiracy to distribute and possess with the intent to distribute a quantity of cocaine hydrochloride and being a felon in possession of a firearm. At his trial, co-defendants Garrick Jones, Travis Carter, and Michael Sanders testified on the government's behalf as a condition of their plea agreements. Defendant now moves for a new trial pursuant to Federal

Rule of Criminal Procedure 33(a), arguing that Jones, Carter, and Sanders lied in their testimony and misled the jury.

## LEGAL STANDARD

Federal Rule of Criminal Procedure 33(a) states, "Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires."[1] The Fifth Circuit has held "the trial court should not grant a motion for new trial unless there would be a miscarriage of justice or the weight of evidence preponderates against the verdict. A new trial is granted only upon demonstration of adverse effects on substantial rights of a defendant."[2] The movant bears the burden of demonstrating that a new trial is justified.[3]

## LAW AND ANALYSIS

Defendant points out that the plea agreements of his co-defendants required that they tell the truth or the agreements could be voided by the Government. Defendant alleges that each of the co-defendants lied and yet did not suffer this consequence. He argues that instead, the plea agreements' provisions requiring truthful testimony, which were discussed at trial, misled the jury to conclude that their testimony was truthful.

"A new trial based on false testimony is justified if there is any reasonable likelihood that the false testimony affected the judgment of the

---

[1] Fed. R. Crim. P. 33
[2] United States v. Wall, 389 F.3d 457, 466 (5th Cir. 2004)
[3] United States v. Soto-Silva, 129 F.3d 340, 343 (5th Cir. 1997)

jury."[4] In order to succeed on a motion for new trial based on false testimony, the defendant must show that "(1) the evidence was unknown to defendant at the time of trial; (2) defendant's failure to learn of the evidence was not due to a lack of diligence; and (3) the evidence is material, not merely cumulative or impeaching.[5] As a threshold matter, however, "this standard requires a finding that the testimony in question was 'actually false.'"[6]

Here, Defendant provides no evidence, proof, or even argument that statements made by Jones, Carter, and Sanders were actually false. Indeed, Defendant does not even identify those portions of their testimony that he believes to be false. Defendant's motion asserts only conclusory statements, such as, "[E]ach was proven to have lied in substantial ways," and "They lied with impunity." These conclusory statements are insufficient to carry the burden of proof required for a new trial under Rule 33.

Although not clearly indicated by Defendant's Motion, the Government suggests that Defendant's reference to "lies" made by his co-defendants may be a reference to testimony of Jones and Sanders that they made false statements about their factual bases after pleading guilty but before trial. These false statements were addressed by Jones and Sanders during their testimony at trial, and Defendant cross-examined them both on these false statements and on the fact that their plea agreements had not been invalidated because of these false statements. Accordingly, the jury was made aware of the witnesses' prior false statements and was permitted to make its own credibility

---

[4] *Id.* at 473.
[5] *Id.*
[6] *Id.*

determinations in light of that testimony. This Court cannot see how this testimony warrants a new trial.

## **CONCLUSION**

For the foregoing reasons, the Motion is DENIED.

New Orleans, Louisiana this 20th day of December, 2018.

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**