UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                CRIMINAL ACTION

VERSUS                                  NO: 16-163

TROY KENDRICK JR.                       SECTION: "H"(3)

## ORDER AND REASONS

Before the Court is Defendant Troy Kendrick's Motion to Alter or Amend Judgment (Doc. 438). For the following reasons, the Motion is DENIED.

## BACKGROUND

In September 2018, Defendant Troy Kendrick was found guilty by a jury of conspiracy to distribute and possess with the intent to distribute a quantity of cocaine hydrochloride in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846 and being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2). He was sentenced to 327 months in prison. Prior to his trial, counsel for Defendant, Bob Glass, filed a Motion to Suppress the Title III wiretap of his phone and the evidence that resulted from that wiretap. The

1

Court denied the Motion and refused to grant an evidentiary hearing. Defendant appealed that ruling, and the Fifth Circuit affirmed it.[1]

Defendant thereafter moved to vacate his sentence under 28 U.S.C. § 2255, arguing that his trial counsel, Bob Glass, was ineffective in failing to fully investigate and properly litigate the Motion to Suppress. Specifically, Defendant presented new evidence from the wiretap of co-defendant Garrick Jones's phone ("the Jones Wiretap") and argued that Mr. Glass failed to fully investigate all of the communications intercepted by the Jones Wiretap that formed the basis of the wiretap application for Defendant's phone. This Court denied that Motion, holding that Mr. Glass's representation on the Motion to Suppress did not fall below an objective standard of reasonableness and, even assuming it had, the revelations from the Jones Wiretap would not have changed the result of Defendant's Motion to Suppress.

Defendant now moves this Court to reconsider that holding, arguing that the Court made errors of law and fact in reaching its decision. In the alternative, Defendant requests the issuance of a Certificate of Appealability. The Government opposes.

## LEGAL STANDARD

Although motions for reconsideration in criminal actions are not explicitly authorized in the Federal Rules of Criminal Procedure, the Fifth Circuit has recognized them as a legitimate procedural device.[2] "For such motions, courts have applied the same legal standard for motions for reconsideration in civil cases."[3] "A motion for reconsideration filed within

---

[1] United States v. Kendrick, 980 F.3d 432, 435–37 (5th Cir. 2020), *cert. denied,* 141 S. Ct. 2866 (2021).
[2] United States v. Thompson, 79 F. App'x 22, 23 (5th Cir. 2003).
[3] United States v. Evans, No. CR 15-61, 2018 WL 6427854, at *2 (E.D. La. Dec. 7, 2018).

2

twenty-eight days of the district court judgment being challenged is characterized as a motion to alter or amend the judgment and construed pursuant to Rule 59(e)."[4] Because this Motion was filed within 28 days of the entry of the judgment from which relief is being sought, the motion will be treated as a motion to alter or amend under Rule 59(e).

A Rule 59(e) motion "[i]s not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment."[5] Instead, Rule 59(e) serves the narrow purpose of correcting "'manifest error[s] of law or fact or . . . presenting newly discovered evidence.'"[6] "'Manifest error' is one that 'is plain and indisputable, and that amounts to a complete disregard of the controlling law.'"[7] In the Fifth Circuit, altering, amending, or reconsidering a judgment under Rule 59(e) "[i]s an extraordinary remedy that should be used sparingly."[8] While district courts have "considerable discretion in deciding whether to grant or deny a motion to alter a judgment," denial is favored.[9]

## LAW AND ANALYSIS

Defendant alleges that the Court's decision denying his § 2255 Motion was based "upon a misreading of the record and a truncated analysis."[10] He contends that the Court did not sufficiently consider the new evidence that he

---

[4] Nucor Steel La., LLC v. HDI Glob. Ins. Co., No. CV 21-1904, 2022 WL 4127161, at *1 (E.D. La. Aug. 9, 2022); FED. R. CIV. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.").

[5] Templet v. HydroChem, Inc., 367 F.3d 473, 479 (5th Cir. 2004) (citing Simon v. United States, 891 F.2d 1154, 1159 (5th Cir. 1990)).

[6] Advocare Int'l, LP v. Horizon Labs., Inc., 524 F.3d 679, 691 (5th Cir. 2008) (quoting Rosenzweig v. Azurix Corp., 332 F.3d 854, 863 (5th Cir. 2003)).

[7] Guy v. Crown Equip. Corp., 394 F.3d 320, 325 (5th Cir. 2004) (quoting Venegas–Hernandez v. Sonolux Records, 370 F.3d 183, 195 (1st Cir. 2004)).

[8] *Templet*, 367 F.3d at 479 (citations omitted).

[9] Hale v. Townley, 45 F.3d 914, 921 (5th Cir. 1995).

[10] Doc. 438.

presented. In fact, this Court addressed each of the new pieces of evidence raised by Defendant in his § 2255 Motion before reaching its decision, and Defendant's Motion for Reconsideration simply rehashes the same arguments already considered and rejected by this Court. Further, Defendant's disagreements with this Court's opinion do not undermine its ultimate holding—that is, that Mr. Glass rendered constitutionally sufficient representation and that a more thorough investigation or better argument on his part would not have changed the outcome of the Motion to Suppress. Accordingly, the extraordinary remedy requested is not warranted.

Defendant requests, in the alternative, that the Court issue a certificate of appealability. To satisfy the standard for the issuance of a certificate of appealability, the defendant must demonstrate that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."[11] This Court holds that Defendant has not made this showing for the reasons stated in its earlier opinion.[12]

## CONCLUSION

For the foregoing reasons, Defendant's Motion is **DENIED**.

New Orleans, Louisiana this 26th day of June, 2023.

_____
JANE TRICHE MILAZZO
**UNITED STATES DISTRICT JUDGE**

---

[11] Avila v. Quarterman, 560 F.3d 299, 304 (5th Cir. 2009).
[12] *See* Doc. 437.