UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO: 16-163** |
| **TROY KENDRICK JR.** | **SECTION: "H"(3)** |

### ORDER AND REASONS

Before the Court is Defendant Troy Kendrick's Motion for Relief pursuant to Federal Rule of Civil Procedure 60(b) (Doc. 457). For the following reasons, the Motion is **DENIED**.

### BACKGROUND

In September 2018, Defendant Troy Kendrick was found guilty by a jury of conspiracy to distribute and possess with the intent to distribute a quantity of cocaine hydrochloride in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846 and being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2). He was sentenced to 327 months in prison. Defendant appealed, challenging the Court's denial of a motion to suppress a Title III wiretap, the sufficiency of the evidence of his drug conviction, his sentencing enhancements, and the effectiveness of his counsel. The Fifth Circuit affirmed his convictions and sentence.

Subsequently, Defendant moved to vacate his sentence under 28 U.S.C. § 2255, arguing that his trial counsel was ineffective in failing to fully

1

investigate and properly litigate a motion to suppress a Title III wiretap of his phone and the evidence that resulted from that wiretap. The Court denied his Motion, holding that Defendant failed to show that his counsel was ineffective in investigating and arguing the Motion to Suppress or that more thorough investigation or better argument would have changed its outcome. His subsequent Rule 59 Motion for Reconsideration of the Court's denial was also denied. The Fifth Circuit denied his request for a certificate of appealability.

Defendant now moves pursuant to Federal Rule of Civil Procedure 60(b)(6) for relief from the Court's May 2019 ruling at his sentencing classifying Defendant as an armed career criminal pursuant to the Armed Career Criminal Act ("ACCA"). The ACCA imposes an increased mandatory minimum on defendants with three or more prior convictions for violent felonies or serious drug offenses "committed on occasions different from one another."[1] At sentencing, Defendant objected to the armed career criminal enhancement, arguing that he only had two prior drug convictions committed on separate occasions. The court overruled that objection.

Here, Defendant contends that the Court erred in applying the armed career criminal enhancement for three reasons: (1) two of his prior drug offenses should not have been counted separately because they were part of the same course of conduct; (2) under the Supreme Court's 2024 decision in *Erlinger v. United States*, the Fifth and Sixth Amendments require a jury to make the determination that a defendant's past offenses were committed on separate occasions for ACCA purposes; and (3) the Court erred in relying on the facts of Defendant's prior convictions as outlined in the Presentence Report. The Government opposes, arguing that Defendant's Motion is a second and successive § 2255 Motion. "A defendant is generally permitted only one

---

[1] 18 U.S.C. § 924(e)(1); United States v. Butler, 122 F.4th 584, 587 (5th Cir. 2024).

2

motion under § 2255 and may not file successive motions without first obtaining this Court's authorization."[2] Therefore, if Defendant's Motion is construed as a successive § 2255 motion, this Court is without jurisdiction to consider it.[3] Accordingly, the Court answers that question first.

## LAW AND ANALYSIS

Federal Rule of Civil Procedure 60(b)(6) provides that "the court may relieve a party or its legal representative from a final judgment, order, or proceeding" for any reason that justifies relief. The Supreme Court has advised that a movant seeking relief under Rule 60(b)(6) must "show 'extraordinary circumstances' justifying the reopening of a final judgment."[4] At the outset, the Court notes that Defendant's Motion appears to seek Rule 60 relief from his criminal judgment. The Fifth Circuit has held that Federal Rule of Civil Procedure 60(b) "simply does not provide for relief from a judgment in a criminal case."[5] Accordingly, this Court will construe Defendant's Motion as seeking Rule 60(b)(6) relief from the denial of his § 2255 Motion.

"In order to prevent conflicts between the strict limitations . . . on second-or-successive habeas petitions and the more lenient restrictions in Rule 60(b) on motions for relief from final judgments, federal courts examine Rule 60(b) motions to determine whether they are, in fact, second-or-successive habeas petitions in disguise."[6] Courts construe as successive habeas petitions "those Rule 60(b) motions that 'advance[ ] one or more claims'" or "attack[ ] the federal court's previous resolution of a claim on the merits."[7] True Rule 60(b) motions

---

[2] United States v. Hernandes, 708 F.3d 680, 681 (5th Cir. 2013).
[3] *Id.*
[4] Gonzalez v. Crosby, 545 U.S. 524, 535 (2005).
[5] United States v. O'Keefe, 169 F.3d 281, 289 (5th Cir. 1999).
[6] In re Jasper, 559 F. App'x 366, 370–71 (5th Cir. 2014).
[7] *Hernandes*, 708 F.3d at 681 (quoting *Gonzalez,* 545 U.S. at 532) (alterations in original).

are those that "attack[ ], not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings."[8]

Defendant argues that his Motion does not attack his conviction on the merits, but rather, attacks the unconstitutional process by which his sentence was imposed. Specifically, he complains that the "court made the 'separate occasions' finding without presenting the question to the jury and relied on non-*Shepard* compliant materials, in violation of clear constitutional law."[9] This Court finds that regardless of how Defendant articulates his claim, the end result is the same—he both disputes the Court's prior resolution of a claim and brings new claims for relief from his sentence. First, Defendant disputes the Court's prior finding that he had three predicate offenses in order for the ACCA enhancement to apply. He raised this objection at sentencing and the Court overruled it. Next, he brings new claims regarding the evidentiary support for that finding. Defendant alleges for the first time that the jury should have made the determination and that the record did not contain sufficient evidence to find the three predicate offenses. Each of these arguments seeks relief from the ACCA enhancement that this Court applied to Defendant's sentence. Under § 2255(h), such second or successive motions must be certified as provided in section 2244 by the Fifth Circuit before a

---

[8] *Id.*

[9] Doc. 462; Defendant is referring to *Shepard v. United States*, 544 U.S. 13, 26 (2005), which holds that the "enquiry under the ACCA to determine whether a plea of guilty to burglary defined by a nongeneric statute necessarily admitted elements of the generic offense is limited to the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information."

district court has jurisdiction to consider them. Accordingly, this motion is denied for lack of jurisdiction.[10]

That said, even assuming that Defendant's Motion is a true Rule 60(b)(6) Motion, the Court would find it untimely. "A motion under Rule 60(b)(6) must be made 'within a reasonable time,' 'unless good cause can be shown for the delay.'"[11] "'[T]imeliness . . . is measured as of the point in time when the moving party has grounds to make [a Rule 60(b)] motion, regardless of the time that has elapsed since the entry of judgment.'"[12] Here, Defendant reasserts arguments that were made at his sentencing in May 2019 and brings new arguments based on Supreme Court decisions published in March 2005 and June 2024 and which he acknowledges did not create new law.[13] Defendant does not provide any good cause for delaying the filing of this Motion until March 10, 2025 or explain why these arguments were not included in his initial § 2255 motion filed in June 2022.

## CONCLUSION

For the foregoing reasons, Defendant's Motion is **DENIED** for lack of jurisdiction.

---

[10] United States v. Johnson, 303 F. App'x 241, 242 (5th Cir. 2008) ("Because the district court construed the motion as an attempted successive § 2255 motion, dismissal for lack of jurisdiction was proper due to Johnson's failure to obtain permission from this court to file a successive § 2255 motion.").

[11] Clark v. Davis, 850 F.3d 770, 780 (5th Cir. 2017).

[12] Id. (quoting First Republic Bank Fort Worth v. Norglass, Inc., 958 F.2d 117, 120 (5th Cir. 1992)).

[13] Doc. 462 (noting that *Erlinger* reinforced longstanding Sixth Amendment principles and did not make a new retroactive rule).

New Orleans, Louisiana this 16th day of June, 2025.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**