UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO: 16-163** |
| **TROY KENDRICK** | **SECTION: "H"** |

### ORDER AND REASONS

Before the Court is Defendant Troy Kendrick's Motion for Compassionate Release (Doc. 475). For the following reasons, the Motion is **DENIED**.

### BACKGROUND

In September 2018, a jury found Defendant Troy Kendrick guilty of conspiracy to distribute and possess with the intent to distribute a quantity of cocaine hydrochloride in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846 and being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2). He was sentenced to 327 months in prison. Defendant appealed, challenging the Court's denial of a motion to suppress a Title III wiretap, the sufficiency of the evidence of his drug conviction, his sentencing

1

enhancements, and the effectiveness of his counsel. The Fifth Circuit affirmed his convictions and sentence.

Subsequently, Defendant moved to vacate his sentence under 28 U.S.C. § 2255, arguing that his trial counsel was ineffective in failing to fully investigate and properly litigate a motion to suppress a Title III wiretap of his phone and the evidence that resulted from that wiretap. The Court denied his Motion, holding that Defendant failed to show that his counsel was ineffective in investigating and arguing the Motion to Suppress or that more thorough investigation or better argument would have changed its outcome. His subsequent Rule 59 Motion for Reconsideration of the Court's denial was also denied. The Fifth Circuit denied his request for a certificate of appealability.

Defendant then moved pursuant to Federal Rule of Civil Procedure 60(b)(6) for relief from the Court's May 2019 ruling at his sentencing classifying Defendant as an armed career criminal pursuant to the Armed Career Criminal Act ("ACCA"). The Court held that the motion was a second or successive § 2255 motion and therefore the court did not have jurisdiction to consider it until certified as provided in § 2244 by the Fifth Circuit. The Court also found the motion untimely.

Now, Defendant moves for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) on several grounds, including family circumstances, disparity in sentencing, and rehabilitation.

## **LEGAL STANDARD**

"The district court's jurisdiction to correct or modify a defendant's sentence is limited to those specific circumstances enumerated by Congress in

2

18 U.S.C. § 3582."[1] Section 3582(c), as amended by the First Step Act, states in relevant part that:

> The court may not modify a term of imprisonment once it has been imposed except that—(1) in any case—(A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i)  extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

The statute does not define "extraordinary and compelling reasons." Rather, the Sentencing Commission was directed by Congress to promulgate policy statements describing what should be considered an extraordinary or

---

[1] United States v. Garcia, 606 F.3d 209, 212 (5th Cir. 2010).

compelling reason for sentence modification. On November 1, 2023, the Sentencing Commission issued an amended policy statement applicable to motions filed by the Director of the Bureau of Prisons and motions filed by the defendant, which sets forth circumstances that are considered "extraordinary and compelling."[2] These include the defendant's health, age, family circumstances, whether the defendant was a victim of abuse while incarcerated, whether he is serving an unusually long sentence, and "other reasons."[3] "Other reasons" are defined as those that are "similar in gravity" to the reasons described in the policy statement.[4]

## LAW AND ANALYSIS

Defendant shows that he has satisfied the administrative exhaustion requirements of § 3582(c)(1)(A), and this Court will therefore consider his request on its merits. He asserts several different reasons for which this Court should grant him compassionate release. This Court will consider each in turn.

### A. Family Circumstances

First, Defendant argues that his family circumstance warrants compassionate release. Specifically, he alleges that he is the only available caretaker for his mother, who requires daily assistance with transportation, household tasks, and medication management.

The Sentencing Commission's policy statement states that, provided a defendant is not a danger to the community, extraordinary and compelling reasons for release exist when a defendant shows "[t]he incapacitation of the

---

[2] U.S.S.G. § 1B1.13 (amended Nov. 1, 2023).
[3] *Id.*
[4] *Id.*

4

defendant's parent when the defendant would be the only available caregiver for the parent."[5] "For guidance on what constitutes 'incapacitation,' courts look to the [Bureau of Prison ('BOP')]'s non-binding Program Statement for processing compassionate release requests."[6] In analogous circumstances, the BOP considers a person "incapacitated" if he or she has "[s]uffered a serious injury, or a debilitating physical illness" resulting in complete disability, meaning that the person "cannot carry on any self-care and is totally confined to a bed or chair;" or has a "severe cognitive deficit" affecting the person's "mental capacity or function."[7]

Defendant alleges that his mother is a cancer survivor and recently underwent a cervical fusion surgery. He contends that she plans to relocate from Texas to Louisiana soon, and he is the only available caregiver to assist her in Louisiana. He asserts that he has one brother who is a full-time parent to eight children in Texas and another brother who cannot provide consistent assistance to his mother because of "personal struggles." Defendant supports these allegations with an affidavit from his mother in which she asserts that she needs significant help performing daily living tasks and struggles with mobility, transportation, and managing her medical needs. She also contends that she will have less access to resources and care options when she moves from Texas to Louisiana and that Defendant is the only "realistic and available family member" who can provide care.

---

[5] *Id.*

[6] United States v. White, No. CR 16-40, 2021 WL 1721016, at *4 (E.D. La. Apr. 30, 2021).

[7] Federal Bureau of Prisons, Program Statement § 5050.50 at 10, https://www.bop.gov/policy/progstat/5050_050_EN.pdf.

The medical records presented by Defendant do not, however, bear out these allegations. The records reveal that Defendant's mother is 58 years old and currently cancer-free. She underwent a C2-T2 cervical spinal fusion on December 16, 2024 after a fall. At her follow-up appointment on April 1, 2025, she indicated that she is doing well, although she reported some remaining muscle pain and stiffness. Her cervical x-ray showed good alignment and no hardware malfunction. She is prescribed muscle relaxers and pain medication. Her doctor noted that she continues to increase activity as tolerated. Defendant has not presented any medical evidence that supports the allegation that she needs assistance performing daily tasks, and there is certainly no evidence that she is completely disabled or confined to a bed or chair. He also has not presented any evidence explaining who previously served as his mother's caretaker, including after her December 2024 fall, fusion surgery, and recovery during the past ten months. Finally, beyond his mother's affidavit, Defendant has not presented any evidence showing that his brothers are not available and capable of assisting in his mother's care. "When there are other adults who can care for an ailing family member, courts have denied compassionate release."[8] "Generally, the defendant has the burden to show circumstances meeting the test for compassionate release."[9] Defendant has not carried his burden to show that his mother is incapacitated or that he is the only available caregiver. Accordingly, Defendant has not shown that his family circumstances constitute a compelling and extraordinary reason for release.

---

[8] United States v. Sims, No. CR H-21-513-1, 2024 WL 4266760, at *1 (S.D. Tex. Sept. 23, 2024).

[9] United States v. Crandle, No. CR 10-35-SDD-RLB, 2020 WL 2188865, at *3 (M.D. La. May 6, 2020).

**B. Sentencing Disparity**

Next, Defendant asserts two arguments regarding his sentence and contends that these issues should be equitable considerations for compassionate release. First, he alleges "a sentencing disparity grounded in a categorical mismatch that already existed at the time of sentencing." Essentially, Defendant argues that the predicate offenses establishing his career offender status should not have served as "controlled substances offenses" because the relevant state statutes were categorically broader than the equivalent federal statutes because of their inclusion of hemp and ioflupane. Second, he argues that he should not have received an enhancement under the Armed Career Criminal Act ("ACCA") because: (1) two of his prior drug offenses should not have been counted separately because they were part of the same course of conduct; (2) a jury is required to make the determination that a defendant's past offenses were committed on separate occasions for ACCA purposes; and (3) the qualifying conviction occurred when Defendant was very young.[10]

These arguments unequivocally challenge "the fact or duration of a prisoner's confinement under Chapter 153."[11] "In Chapter 153 of Title 28, Congress provided specific avenues for post-conviction relief that permit prisoners to challenge the legality of their confinement in federal court," such as 28 U.S.C. §§ 2241, 2244, 2254, and 2255.[12] "The Supreme Court has repeatedly held that by codifying these specific provisions, Congress required

---

[10] Most of these arguments were already raised in Defendant's Rule 60 Motion (Doc. 457), and this Court held that the motion was a second and successive § 2255 motion (Doc. 464).

[11] United States v. Escajeda, 58 F.4th 184, 187 (5th Cir. 2023).

[12] *Id.* at 186–87.

7

prisoners to bring their legality-of-custody challenges under Chapter 153 and prohibited prisoners from bringing such claims under other, more-general statutes."[13] Accordingly, the Fifth Circuit has expressly ruled that "a prisoner cannot use § 3582(c) to challenge the legality or duration of his sentence; such arguments can, and hence *must*, be raised under Chapter 153."[14] Because Defendant's claims would have been cognizable under § 2255, they may not be raised in a request for compassionate release. Further, "[a] defendant is generally permitted only one motion under § 2255 and may not file successive motions without first obtaining this Court's authorization."[15] Accordingly, these arguments fail.

### C. Rehabilitation

Finally, Defendant seeks compassionate release in light of his rehabilitative efforts in prison. While the Court finds these efforts admirable, his rehabilitation alone is not sufficiently "extraordinary or compelling" to warrant compassionate release.[16] Indeed, in advising the Sentencing Commission to define "extraordinary and compelling reasons," Congress provided just one restriction: "Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason."[17] "[R]ehabilitation is expected, not extraordinary."[18] Accordingly, Defendant has failed to show grounds for compassionate release.

---

[13] *Id.* at 187.
[14] *Id.*
[15] United States v. Hernandes, 708 F.3d 680, 681 (5th Cir. 2013).
[16] *See* United States v. Hughes, No. 4:18-CR-46(25), 2022 WL 2483720, at *4 (E.D. Tex. July 6, 2022) (and cases cited therein).
[17] 28 U.S.C. § 994.
[18] United States v. Carrera, No. 3:14-CR-0367-B-40, 2023 WL 1070609, at *4 (N.D. Tex. Jan. 27, 2023).

## CONCLUSION

For the foregoing reasons, the Motion is **DENIED**.

New Orleans, Louisiana this 5th day of November, 2025.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

9